## 65787. ROWE v. THE STATE.

SOGNIER, Judge.

Appellant was convicted in a bench trial of conspiracy to possess with intent to distribute more than one ounce of marijuana. On appeal he contends the trial court erred by convicting appellant of conspiracy because it was a crime not included in the indictment or the offense charged. Appellant also enumerates as error the trial court's denial of his motion to suppress evidence seized after a search without a warrant.

U. S. Customs agents and members of the Savannah, Georgia Metro Drug Unit conducted a surveillance for a vessel that allegedly was coming into the Lazaretta Creek area loaded with contraband. About midnight the agents observed a vessel coming into the Savannah River inlet. The vessel turned and started into Lazaretta Creek and then doused its running lights. The vessel was next observed tied up at a commercial dock. Thereafter, several persons arrived at the boat and departed under suspicious circumstances; although the agents could not see clearly, one of the persons looked like appellant. About 4:00 a.m., after determining that everyone had departed the vessel, the agents boarded the ship without a warrant

and found a large amount of marijuana in the hold. The agents hid in the wheelhouse and later the same morning arrested several persons, including appellant, as they came to the dock area or boarded the boat.

1. Appellant was indicted for possession with intent to distribute more than one ounce of marijuana, but was found guilty of conspiracy to commit that offense. He argues that his conviction of conspiracy was not authorized because it was not included in the indictment, and conspiracy is a separate crime only when the substantive crime which is the object of the conspiracy has *not* been committed.

The indictment in this case alleged that several persons, including appellant, "on the 4th day of August, 1978, did unlawfully and in violation of the Georgia Controlled Substances Act possess, have under their control, deliver, distribute, and possess with intent to distribute more than one ounce of Cannabis Sativa L., commonly known as Marijuana, said substance being a controlled dangerous drug;" OCGA § 16-4-8 (Code Ann. § 26-3201) provides, in pertinent part: "A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy . . ."

It is clear from the statutory definition of conspiracy that the offense of conspiracy was not included in the indictment, as no reference is made therein to one or more persons conspiring or agreeing to commit an offense, nor does the indictment refer to the doing of any overt act to effect the object of a conspiracy. On the contrary, the indictment alleged that a substantive crime had been committed, namely, possession with intent to distribute marijuana. Thus, it is clear that appellant was found guilty of an offense with which he was not charged. The state acknowledged that appellant was not charged with conspiracy when, in closing argument, the prosecuting attorney stated: "There's no charge that this individual [appellant] imported this marijuana *or conspired to import any marijuana* into the country, where you'd have to show prior actions and where it came from and conspiracy itself, what he had to do with it. *The charge is possession* of more than an ounce of marijuana." (Emphasis supplied.)

In *Goldin v. State,* 104 Ga. 549, 550 (1, 2) (30 SE 749) (1898), our Supreme Court held: "It is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in

which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense." These principles have been followed consistently in Georgia. *Wells v. State,* 127 Ga. App. 109 (192 SE2d 567) (1972); *Williams v. State,* 144 Ga. App. 130, 134 (3) (240 SE2d 890) (1977); *State v. Williams,* 247 Ga. 200, 203 (275 SE2d 62) (1981). Additionally, the Supreme Court of the United States has stated that "[c]onviction upon a charge not made would be sheer denial of due process." DeJonge v. Oregon, 299 U. S. 353, 362 (57 SC 255, 81 LE 278).

The evidence in the instant case established clearly that the offense of possession with intent to distribute more than one ounce of marijuana had been committed. Although the state argues that under Federal law conspiracy and the completed offense do not merge, the transcript is devoid of any evidence which would establish that appellant was involved in a conspiracy. Further, in *Scott v. State,* 229 Ga. 541, 544 (1) (192 SE2d 367) (1972), our Supreme Court discussed conspiracy as a separate crime and held: "It is manifest from a reading of that chapter of the Criminal Code of Georgia [now OCGA Chapter 16-4 (Code Ann. § 26-1001 et seq.)] that it was the intent of the legislature to make conspiracy itself a separate crime *only in cases where the crime conspired to be committed had not in fact been committed,* that is, where the conspiracy had been, so to speak, 'nipped in the bud.' " See also *Crosby v. State,* 232 Ga. 599, 601 (3) (207 SE2d 515) (1974); *Bennett v. State,* 135 Ga. App. 615, 616 (218 SE2d 455) (1975).

Considering the fact that conspiracy was not included in the indictment and a person cannot be convicted of a crime not charged, *Goldin,* supra, together with the fact that conspiracy is a separate crime *only* when the crime conspired to be committed has *not* been committed, *Scott,* supra, it was error to find appellant guilty of conspiracy to possess with intent to distribute marijuana, and his conviction must be set aside. *Ray v. State,* 165 Ga. App. 89, 93 (3) (299 SE2d 584) (1983).

2. In view of our holding in Division 1, the remaining enumeration of error need not be discussed.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 18, 1983 —
REHEARING DENIED JUNE 8, 1983 — 

*Alexander L. Zipperer III,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock,*

*Assistant District Attorney,* for appellee.