### 71236. BROCKINGTON v. THE STATE.
(343 SE2d 708)

MCMURRAY, Presiding Judge.

On May 23, 1984, the defendant Clinton Brockington and Isaiah Williams were indicted for armed robbery. The indictment charged "ISAIAH WILLIAMS and CLINTON BROCKINGTON with the offense of Armed Robbery For that the said ISAIAH WILLIAMS and CLINTON BROCKINGTON on the 26th day of April in the year Nineteen Hundred Eighty Four in the County, aforesaid, did then and there unlawfully and with force and arms, with intent to commit theft, take property of value, to wit: approximately $149.00 in U. S. currency, the property of Huntley and Jiffy Food Store on Plant Avenue, from the immediate presence of JoAnne Daniels by use of an offensive weapon, to wit: a .357 Magnum, contrary to the laws of said State, the good order, peace, and dignity thereof." On January 21, 1985, defendant Brockington was tried separately before a jury. After the evidence was closed, and in response to an inquiry by the jury as to defining "conspiracy and accessory" and "conspiracy to commit a crime," the trial court recharged the jury, in pertinent part, as follows: "If, after considering all the facts and circumstances of the case, you find the Defendant not guilty, the form of your verdict would be, 'We the Jury, find the Defendant Not Guilty.' If, after considering all the facts and circumstances of the case, you find the Defendant guilty beyond a reasonable doubt of the offense of armed robbery, the form of your verdict would be, 'We the Jury, find the Defendant Guilty.' If you find that the — from the facts and circumstances that the Defendant is not guilty beyond a reasonable doubt of the offense of armed robbery, you will then consider whether or not the Defendant is guilty of the offense of the lesser included crime of conspiracy to commit armed robbery, and if you so find, the form of your verdict would be, 'We the Jury find the Defendant Guilty of the offense of conspiracy to commit armed robbery.' " The jury found defendant

guilty of conspiracy to commit armed robbery and the trial court entered judgment in accordance with the verdict. The defendant then filed a motion for new trial, a motion in arrest of judgment and an amended motion for new trial. The defendant's motions were denied by the trial court, and he now appeals. *Held*:

The case sub judice is controlled by *Rowe v. State*, 166 Ga. App. 836, 837 (1) (305 SE2d 624), wherein this court held: "It is clear from the statutory definition of conspiracy that the offense of conspiracy was not included in the indictment, as no reference is made therein to one or more persons conspiring or agreeing to commit an offense, nor does the indictment refer to the doing of any overt act to effect the object of a conspiracy. On the contrary, the indictment alleged that a substantive crime had been committed, namely, possession with intent to distribute marijuana [armed robbery in the case sub judice]."

In the case sub judice, since the jury acquitted the defendant Brockington of the object of the conspiracy (armed robbery), the alleged conspiracy is a separate crime and must be charged in the indictment. Consequently, under the particular facts and circumstances of this case, the trial court erred in charging the jury on the separate offense of conspiracy to commit armed robbery as "the lesser included crime." See *Moser v. State*, 178 Ga. App. 526 (343 SE2d 703).

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 13, 1986.

*W. Boyd English*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.