A95A2316. OKONGWU v. THE STATE.
(467 SE2d 368)

McMURRAY, Presiding Judge.

Defendant and co-defendant Tolbert were charged, in two counts of a multi-count indictment, with conspiracy to sell and distribute cocaine (Count 1), and with possession of cocaine with intent to distribute (Count 2). Defendant was charged separately in two other counts of the indictment with possession of cocaine with intent to distribute (Counts 3 and 5). Defendant was also charged with obstruction of a law enforcement officer (Count 4). Another count of the indictment, charging defendant with theft by receiving stolen property (Count 6), was withdrawn.

The evidence adduced at a jury trial reveals that all of the above charges arose after November or early December 1991, when defendant moved a mobile home or trailer onto a lot in an area of Tifton, Georgia, known for illegal drug activity. Co-defendant Joiner moved into the trailer in early 1992 and law enforcement officers raided the mobile home, pursuant to a search warrant, on August 21, 1992. Upon entry, the officers found defendant and co-defendant Tolbert standing in a hallway near the trailer's bathroom. Defendant froze, but co-defendant Tolbert dashed into the bathroom and shut the door. Another suspect ran to a bedroom. Moments later, an officer found co-defendant Tolbert hiding in the shower, behind a curtain. He also discovered 17.8 grams of cocaine and some off-white powder (which was not tested) in the shower's soap dish. United States currency was found in the commode.

On October 8, 1993, law enforcement officers went to defendant's

mobile home with another search warrant and observed defendant and two other suspects just outside the trailer, sitting on a picnic table. As the law officers approached, an officer shouted, " 'Sheriff's Department, search warrant.' " Defendant froze, waited a couple of seconds and then bolted. So did the other suspects. The investigating officers found crack cocaine on the picnic table in the spot where defendant had been sitting. They also discovered other items consistent with illegal drug activity near the picnic table, and United States currency was found stashed in a television inside defendant's mobile home.

On November 4, 1993, law enforcement officers saw defendant standing next to the picnic table outside his mobile home with Henry Bailey, an admitted drug addict. This time, one of the officers observed defendant hand something to Bailey. When the officers moved in to investigate, defendant announced that police officers were approaching and Bailey responded by discarding a dose of crack cocaine that he had just purchased from defendant. Bailey then waited, but defendant did not. He fled across the street and ducked behind a vacant house. A pursuing officer followed and found 25.3 grams of cocaine and defendant's sandals (which were not conducive for running) abandoned behind the vacant house.

Defendant was found guilty on all five counts of the indictment. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first challenges the sufficiency of the evidence with regard to his conviction for conspiracy to sell and distribute cocaine, arguing that the State failed to prove that he was in possession of cocaine during the search of his trailer on August 21, 1992, or that he entered into an agreement with co-defendant Tolbert to sell and distribute cocaine between the dates alleged in the indictment, i.e., after January 1, 1992, and prior to August 21, 1992. This contention is without merit.

"A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." OCGA § 16-4-8. " ' "The question of the existence of a conspiracy is ultimately for the jury to determine." ' *Boatwright v. State*, 193 Ga. App. 141, 142 (1) (387 SE2d 386). While mere presence at the crime scene is not sufficient to convict one of being a party to a crime, criminal intent may be inferred from conduct before, during, and after the commission of the crime. *Sands v. State*, 262 Ga. 367, 368 (2) (418 SE2d 55). ' "Presence, companionship and conduct before and after the commission of the alleged offense(s) may be considered by the jury and are circumstances which may give rise to an inference of the existence of a conspiracy." '

*Stroud v. State*, 154 Ga. App. 852 (2) (270 SE2d 69). Further, '(f)light is circumstantial evidence of consciousness of guilt; the weight to be given such evidence is for the jury to decide.' *Green v. State*, 206 Ga. App. 42, 44 (3) (424 SE2d 646). 'It is not necessary to prove an express agreement between two (or more) co-conspirators in order to prove the existence of a conspiracy. The state need only prove that two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective. (Cit.) Conduct of co-conspirators, i.e., conduct which discloses a common design, may give rise to an inference of a conspiracy.' *Duffy v. State*, 262 Ga. 249, 250 (1) (416 SE2d 734). Conspiracy may be proven by direct or circumstantial evidence. See *Harris v. State*, 255 Ga. 500, 501 (2) (340 SE2d 4). '(W)hen individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one or more of the conspirators is in legal contemplation the act of all.' (Citations and punctuation omitted.) *Boatwright*, supra at 142 (1)." *Guerra v. State*, 210 Ga. App. 102 (1), 103 (435 SE2d 476).

In the case sub judice, the State proved that defendant moved a mobile home into an area of Tifton, Georgia, known for illegal drug activity in late November or early December 1991; that defendant did not use this trailer as his primary residence; that co-defendant Tolbert moved into the trailer during the early part of 1992, and that defendant and co-defendant Tolbert (as well as another suspect who was found to be in possession of a controlled substance) were caught in the trailer on August 21, 1992, with 17.8 grams of cocaine. This evidence, and proof that defendant fled from law enforcement officers (on at least two occasions after the police raid on August 21, 1992) when officers caught him engaged in illegal drug activities at the trailer, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of conspiring with co-defendant Tolbert after January 1, 1992, and prior to August 21, 1992, to use the trailer as a base for selling and distributing cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Next, defendant contends that the evidence is insufficient to authorize his convictions for possession of cocaine with intent to distribute, as alleged in Counts 2 and 3 of the indictment. Count 2 of the indictment is based upon the August 21, 1992, incident where law enforcement officers discovered 17.8 grams of cocaine in the soap dish at defendant's trailer. And Count 3 is based upon the incident on October 8, 1993, where a dose of crack cocaine was found on a picnic table just outside defendant's trailer. With respect to both charges, defendant asserts that his presence just before the cocaine was discovered at his trailer on August 21, 1992, and October 8, 1993, is insufficient to authorize a finding that he possessed the cocaine or that he intended to distribute the drug in violation of Georgia's Controlled Substances

Act. This argument is without merit.

There is not only proof that defendant was present when the police raided his trailer on August 21, 1992, there is proof that he was standing next to co-defendant Tolbert just before she fled into the bathroom and stashed 17.8 grams of cocaine in the shower's soap dish. There is also proof that defendant was monitoring local police activity, via use of an electronic scanning device, just before the police entered defendant's trailer on August 21, 1992. Further, the State proved that defendant fled when police officers appeared outside his trailer on October 8, 1993, and that a dose of crack cocaine was found abandoned at the very spot where defendant was sitting just before the officers appeared. This evidence, and proof that defendant had just consummated an illegal drug transaction when police arrived at his trailer on October 8, 1993, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of possession of cocaine with intent to distribute as charged in Counts 2 and 3 of the indictment. *Jackson v. Virginia*, 443 U. S. 307, supra; *Stevens v. State*, 210 Ga. App. 355 (1) (436 SE2d 82). As to Count 5, the trial court sentenced defendant to 20 years probation. On appeal, defendant has not enumerated as error the conviction and sentence on Count 5.

3. In his fourth enumeration, defendant contends the evidence is insufficient to authorize the jury's finding that he obstructed law enforcement officers in violation of OCGA § 16-10-24 (a). This charge is based on proof that defendant fled after one of the officers who appeared at defendant's trailer on October 8, 1993, shouted, " 'Sheriff's Department, search warrant.' "

Contrary to defendant's assertions, flight or attempted flight from an officer, while the officer is executing his official duties, may constitute misdemeanor obstruction of an officer. See *Tankersley v. State*, 155 Ga. App. 917, 919 (4A) (273 SE2d 862). In the case sub judice, the State presented undisputed proof that defendant bolted after a law enforcement officer warned him that Sheriff's deputies were approaching the premises to execute a search warrant. This proof, and evidence that defendant was observed by an officer handing something to another person just before the police raid, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of hindering or obstructing the officers' search of defendant's trailer in violation of OCGA § 16-10-24 (a). *Jackson v. Virginia*, 443 U. S. 307, supra.

4. Defendant contends the trial court erred in permitting the State to offer, as similar transaction evidence, proof of an incident in 1988 where he was caught transporting a quarter-pound of cocaine from Miami, Florida. Defendant argues that the circumstances surrounding this 1988 incident were not sufficiently similar to the crimes

charged.

On December 14, 1988, Captain Gene Terry, Jr., of the Sumpter County, Florida, Sheriff's Department observed a vehicle with an inoperable tag light traveling north on the Florida Turnpike extension. When Captain Terry signaled for the vehicle to stop, the driver of the suspect vehicle took evasive action. He headed off the road, crossed a grassy area and maneuvered close to a wooded swamp. A passenger in the suspect vehicle then tossed an object into the woods and the driver moved back toward the road. Another patrol officer joined the chase, however, and forced the driver of the fleeing vehicle to stop. Meanwhile, Captain Terry retrieved the object that was thrown into the woods and discovered that it was a quarter-pound of cocaine. Captain Terry testified that defendant was operating the suspect vehicle and that two females were his passengers. Defendant explained (at trial) that he was on his way from shopping at a Miami flea market when the police stopped him on the Florida Turnpike extension.

" 'The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.' (Citations and punctuation omitted.) *Faison v. State*, 199 Ga. App. 447, 448 (1) (405 SE2d 277) (1991). . . . [And to this extent, the] trial court's findings on questions of similarity will not be disturbed on appeal unless clearly erroneous. *Cantrell v. State*, 210 Ga. App. 218 (2) (435 SE2d 737) (1993)." *Spead v. State*, 218 Ga. App. 547 (1), 548 (462 SE2d 635).

In the case sub judice, the trial court found that the 1988 incident in Florida was relevant to show defendant's intent, common scheme or bent of mind toward committing the crimes charged in Counts 1, 2, 3 and 5 of the indictment, i.e., conspiracy to sell and distribute cocaine and three separate incidents involving possession of cocaine with intent to distribute. We find no abuse in this finding. First, the amount of cocaine discharged from the car defendant was driving on December 14, 1988, is consistent with use of the drug for illegal distribution, rather than consumption. Second, the State's proof indicated that defendant distanced himself from the illegal drug activities that were transpiring at his trailer on August 21, 1992, October 8, 1993, and November 4, 1993, by either providing an accomplice time to stash the contraband or by fleeing and then discarding the

contraband himself. Defendant did the same during the 1988 incident on the Florida Turnpike. He evaded capture, maneuvered to a secluded area and then attempted to dispose of the evidence by tossing the contraband out the car window. With these similarities, we cannot say the trial court erred in finding that evidence of defendant's part in the 1988 incident on the Florida Turnpike extension was admissible to show defendant's intent, common scheme or bent of mind toward planning and conspiring to sell and distribute cocaine and possessing the drug for the purpose of distribution. See *Faison v. State*, 199 Ga. App. 447 (1), supra.

5. The trial court did not err in allowing the State to present, as similar transaction evidence, proof that defendant gave a former police officer cocaine for money and an electrical appliance. This transaction took place at defendant's trailer on September 10, 1993, and is relevant to prove defendant's intent, common scheme or bent of mind toward planning and conspiring to sell and distribute cocaine from his trailer and possessing cocaine for the purpose of distribution. See *Faison v. State*, 199 Ga. App. 447 (1), supra.

6. The trial court did not err in denying defendant's motion for a mistrial after Henry Bailey, an admitted drug addict, testified that a woman purchased cocaine from defendant just before Bailey purchased cocaine from defendant on November 4, 1993. Defendant was charged in Count 5 of the indictment for possession of cocaine with intent to distribute. This charge is based on proof that defendant sold cocaine to Henry Bailey on November 4, 1993. Consequently, evidence that defendant sold cocaine to another person moments before he sold cocaine to Henry Bailey was admissible as part of the res gestae. See *Bundrage v. State*, 265 Ga. 813, 815 (5) (462 SE2d 719).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 1, 1996 — RECONSIDERATION DISMISSED
MARCH 27, 1996 —

*Landrum & Eidson, Timothy L. Eidson*, for appellant.

*C. Paul Bowden, District Attorney, Gary C. McCorvey, Assistant District Attorney*, for appellee.