A04A0796. VAN MORGAN v. THE STATE.
(605 SE2d 120)

ADAMS, Judge.

On the second day of his trial, Charles Van Morgan pleaded guilty to three counts of violation of the Georgia Controlled Substances Act, consisting of conspiracy to sell and distribute methamphetamine, criminal attempt to sell and distribute methamphetamine, and possession of methamphetamine. The jury found Van Morgan guilty of the remaining count of conspiracy to traffic in

---

methamphetamine. On appeal, Van Morgan claims he received ineffective assistance of counsel, and the evidence was insufficient to support his conviction for conspiracy to traffic in methamphetamine. We disagree and affirm for the reasons set forth below.

Construed in favor of the verdict, evidence shows that an undercover officer for the Multi-Agency Narcotics Squad operating in Cherokee County arranged to buy one-eighth of an ounce of methamphetamine from Amy Byers. The officer and a confidential informant met Byers at the Shadowood Mobile Home Park. After the officer gave her $210, Byers left to get the drugs. A member of the narcotics squad followed Byers to Van Morgan's residence. Byers left the house after five or ten minutes and returned to the mobile home park with a baggie containing methamphetamine. The undercover officer told Byers he would contact her later to arrange another purchase.

Three days later, Byers again met the confidential informant and the undercover officer at the mobile home park, and they gave her $570 to purchase one-half of an ounce of methamphetamine. Officers again followed Byers to Van Morgan's house. They had a search warrant for the address and executed the warrant as soon as she came back out the door. Byers ran into the house, and officers located and arrested her and Van Morgan, who were in a bathroom with an open window facing the back of the residence.

Upon searching Van Morgan for weapons or contraband, officers found one-eighth of an ounce of methamphetamine in his pocket. An officer looked out the bathroom's open window and saw on a table directly below four corner-cut baggies that appeared to contain methamphetamine. The officers also found cash on Byers and Van Morgan. A comparison of the bills found on Byers and Van Morgan to photocopies of the bills given to Byers at the mobile home park showed that Van Morgan had $490 and Byers $70 of the drug purchase money, with $10 unaccounted for.

The search of Van Morgan's house revealed a 451.85 gram "brick" of methamphetamine stuffed inside a shoe in a bedroom adjacent to the master bedroom. Van Morgan told an agent that no one lived in that bedroom, and he denied knowing about the methamphetamine in the bedroom or the methamphetamine that appeared to have been thrown out the bathroom window. At trial, Van Morgan testified his nephew F. L., a 16-year-old juvenile, was staying in the bedroom where the methamphetamine brick was found. In that bedroom officers found a receipt for a radio with F. L.'s name on it, and the mattress in the room appeared to have been slept on. Although F. L. was in Van Morgan's house at the time of the raid, he left without speaking to an agent.

1. Van Morgan contends he received ineffective assistance of counsel. We disagree.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. . . . In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

Van Morgan argues that trial counsel was deficient in failing to use a taped telephone conversation between F. L. and Charles Van Morgan, Jr., Van Morgan's son, in which he contends F. L. acknowledged that the approximately one pound brick of methamphetamine was in his personal possession. Van Morgan points to the following exchange:

> Van Morgan, Jr.: For the pound that you had up there, the least you could do is help him out, pay some of his bills, because his ass wouldn't be there if it wasn't for you.
> F. L.: All right.
> Van Morgan, Jr.: You know that, I know that, and he knows that.
> F. L.: Well, he was already getting ready to go to jail for selling dope anyway.
> Van Morgan, Jr.: But when they found a pound of speed in your room, hell, they damn sure was going to lock him up, right or wrong?
> F. L.: Yeah. You're right, you're right.

Even assuming Van Morgan's trial counsel could have introduced the tape of the conversation over a hearsay objection, we conclude that trial counsel's decision to withhold the tape was reasonable trial strategy. "[A]s a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." *Richardson v. State*, 276 Ga. 548, 552 (3) (580 SE2d 224) (2003). At the hearing on motion for new trial, trial counsel testified that although he had the tape in his possession at trial, he thought that it was more important to keep the right to

opening and concluding remarks than to introduce it. Furthermore, the trial court found, and we agree, that the taped conversation "is really not an adoption by [F. L.]. It's rather nebulous." Arguably, the tape only shows that F. L. was an additional conspirator. Given the tape's ambiguity and the trial counsel's considered decision not to introduce it, we conclude the trial counsel's decision "falls within the broad range of reasonable professional conduct." (Citation and punctuation omitted.) *Rogers v. State*, 253 Ga. App. 675, 677 (3) (560 SE2d 286) (2002).

Van Morgan also claims his trial counsel was not prepared for trial. Trial counsel's case file included a statement prepared by Officer M. G. The statement was apparently provided to trial counsel by the State. The last seven pages of the written statement were missing from trial counsel's case file. Van Morgan contends that Officer M. G.'s statement is not consistent with the officer's trial testimony because the written statement does not show that Van Morgan told Officer M. G. that nobody lived in the bedroom where the brick of methamphetamine was located. Van Morgan further argues that because his trial counsel did not receive the entirety of the State's file, trial counsel was not prepared to cross-examine Officer M. G. However, at the hearing on motion for new trial, trial counsel contended he reviewed the State's file and was familiar with the State's case. Furthermore, Van Morgan does not show by reference to the record that Officer M. G.'s written report actually omitted Van Morgan's statement, see Court of Appeals Rule 27 (c) (3), and trial counsel's testimony at the hearing on motion for new trial does not establish that the officer's report omitted the statement. Based on the foregoing, we conclude the trial court did not err in finding there was insufficient evidence to show deficient performance by trial counsel or prejudice to Van Morgan.

2. Van Morgan claims the evidence was insufficient to support his conviction for conspiracy to traffic in methamphetamine. Again, we disagree. In reviewing a defendant's challenge to the sufficiency of the evidence, we construe the evidence in a light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. See *Cox v. State*, 242 Ga. App. 334-335 (1) (528 SE2d 871) (2000).

The indictment charges that Van Morgan was engaged in a conspiracy to traffic in methamphetamine when he conspired with Byers and others to possess more than 400 grams of methamphetamine.[1] "The elements of conspiracy to commit a crime are conspiring

---

[1] Penalties for trafficking in methamphetamine differ for the quantity of drug involved, see OCGA § 16-13-31, and the penalties for conspiracy may not exceed the maximum punishment

and the performance of an overt act to effect the crime." *Hendricks v. State*, 277 Ga. 61, 62 (2) (586 SE2d 317) (2003). In this case, the conspiracy is shown by evidence that Van Morgan and Byers were engaged in a common design to possess and sell methamphetamine. See *Burnette v. State*, 241 Ga. App. 682, 683 (1) (527 SE2d 276) (1999) (essence of conspiracy is a common design, and conduct showing a common design may give rise to the inference of conspiracy). The overt act is the possession by a member of the conspiracy of the approximately 450-gram brick of methamphetamine found in Van Morgan's house. Accordingly, the jury was entitled to conclude that Van Morgan was guilty of conspiracy to traffic over 400 grams of methamphetamine.

Van Morgan contends that his case is analogous to *Baltazar v. State*, 254 Ga. App. 773 (564 SE2d 202) (2002), because the evidence is only circumstantial that he had knowledge of the methamphetamine found in the bedroom. "[U]nder OCGA § 24-4-6, to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Citation and punctuation omitted.) Id. at 774. In *Baltazar*, we found that evidence was insufficient to support a conviction for trafficking in cocaine where a package containing cocaine and addressed to "Kevin Kline" was delivered to defendant Baltazar at an apparently empty trailer leased to a person other than Baltazar. Unlike *Baltazar*, Van Morgan was shown to live at the address where the drugs were found, and he had pleaded guilty to conspiracy to sell methamphetamine. The jury was authorized to reject Van Morgan's explanation that the brick of methamphetamine was in the sole possession of his 16-year-old nephew F. L. "Where the defendant offers an alternative hypothesis or explanation of the evidence, the reasonableness of that hypothesis is for the trier of fact to determine." *Perkins v. State*, 244 Ga. App. 412, 419 (535 SE2d 802) (2000). The jury was further authorized to conclude that the brick of methamphetamine found at Van Morgan's residence — the location of an admitted methamphetamine-selling operation — was in the knowing possession of Van Morgan, a member of the conspiracy. Accordingly, Van Morgan's conviction for conspiracy to traffic in methamphetamine must be affirmed.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

---

prescribed for the offense that was the object of the conspiracy. OCGA § 16-13-33.

DECIDED SEPTEMBER 24, 2004.

*Stacy D. Barnett*, for appellant.
*Garry T. Moss, District Attorney, Scott T. Poole, Assistant District Attorney*, for appellee.