## A05A1110. KING v. THE STATE.
(620 SE2d 570)

PHIPPS, Judge.

A jury found Roger King guilty of conspiracy to possess cocaine with intent to distribute. He appeals, arguing that the evidence was insufficient to support the conviction. Because the evidence was sufficient, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the guilty verdict, and we uphold the verdict as long as there is some competent evidence to support each fact necessary to make out the State's case.[1]

So viewed, the record shows that Officer Sam Clark and Deputy Larry Whisenant of the Worth County Sheriff's Department drove to a residence in Sylvester early one morning to arrest a person unrelated to this case. When they arrived at the residence, they saw King's co-defendant, Melvin Tyler, emerge from a small shed in the back where he lived. They asked Tyler if they could look in the shed for the person they wanted to arrest, and he said yes. King then came out of the shed. The officers saw suspected crack cocaine on a table inside the shed. Whisenant asked Tyler to put his hands on the wall, but Tyler ran and Whisenant chased him. Clark placed King in the patrol car. Whisenant and another officer soon caught Tyler, and they found more suspected crack cocaine in his pocket.

After catching Tyler, Whisenant searched King and found his car keys and $513 in cash in his pockets. Whisenant asked if he could search King's vehicle, which was parked near the shed, and King consented. Inside the vehicle, officers found a black case for holding scales and some "green zipper bags" that are "commonly used to distribute illegal substances." Inside the shed, officers found approximately 70 "rocks" of suspected crack cocaine, a set of scales, razor blades that are commonly used "to cut the crack cocaine," more

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Burnette v. State*, 241 Ga. App. 682 (1) (527 SE2d 276) (1999).

baggies, and copper tubing commonly used to smoke crack cocaine.[2] A forensic chemist testified that the suspected crack cocaine found in Tyler's pocket and in the shed was, indeed, cocaine; and that it had an aggregate weight of 6.99 grams.

"The elements of conspiracy to commit a crime are conspiring and the performance of an overt act to effect the crime."[3] To prove conspiracy, the State need not prove an express agreement between the co-conspirators; it only must show that "two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective."[4] Conspiracy may be shown through circumstantial evidence.[5] "Presence, companionship[,] and conduct before and after the commission of the alleged offenses may be considered by the jury and are circumstances which may give rise to an inference of the existence of a conspiracy."[6]

King argues that the State failed to present sufficient evidence of an agreement between Tyler and him to possess cocaine, but we disagree. King was found in a shed near approximately 70 pieces of crack cocaine, along with scales, razors, and baggies — items that are commonly used to divide and distribute cocaine. His pockets contained a large amount of cash. The shed's occupant, Tyler, fled from the police and was found with additional crack cocaine in his pockets. King's vehicle was parked near the shed, and it contained a case for holding scales and additional baggies. From this evidence, the jury could infer that King drove to Tyler's shed and entered into an agreement with him to possess cocaine with the intent to distribute it.[7]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

ON MOTION FOR RECONSIDERATION.

King has filed a motion for reconsideration. He argues, for the first time, that the circumstantial evidence of a conspiracy between Tyler and him failed to exclude every other reasonable hypothesis

---

[2] The police also found suspected marijuana and marijuana paraphernalia in the vehicle and shed. King was charged with possession of marijuana with intent to distribute, but the jury found him not guilty of that crime.

[3] *Van Morgan v. State*, 269 Ga. App. 715, 718-719 (2) (605 SE2d 120) (2004) (citation and punctuation omitted); see also OCGA § 16-4-8.

[4] *Okongwu v. State*, 220 Ga. App. 59, 60-61 (1) (467 SE2d 368) (1996) (citations and punctuation omitted).

[5] Id.

[6] *Burnette*, supra at 683-684 (1) (citations and punctuation omitted).

[7] See id.; *Okongwu*, supra.

except that of his guilt.[8] King suggests several other scenarios that he argues are equally consistent with the evidence.

> It is well settled that in an entirely circumstantial case, the question whether there is a reasonable hypothesis favorable to the accused is the jury's province. Questions as to reasonableness are generally to be decided by the jury which has heard the evidence, and finds beyond a reasonable doubt that there is no reasonable hypothesis other than guilt. The appellate court will not disturb that finding, unless the verdict of guilty is insupportable as a matter of law. The appellate courts have no yardstick by which to ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of 12 jurors of rational mind.[9]

Because the jury's verdict in this case "is not insupportable as a matter of law or outside the proven facts," we will not disturb it.[10] Accordingly, the motion for reconsideration is denied.

*Motion for reconsideration denied.*

DECIDED JUNE 22, 2005 —
RECONSIDERATION DENIED SEPTEMBER 9, 2005 — ▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Ronald L. Beckstrom*, for appellant.
Roger King, *pro se.*
*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.

---

[8] See OCGA § 24-4-6.

[9] *Johnson v. State*, 208 Ga. App. 747, 748-749 (1) (431 SE2d 737) (1993) (citations and punctuation omitted); see also *In the Interest of M. C. A.*, 263 Ga. App. 770, 771-772 (2) (589 SE2d 331) (2003).

[10] *Johnson*, supra at 749 (citation omitted).