## A06A0510. GARCIA v. THE STATE.

### (630 SE2d 596)

ELLINGTON, Judge.

A Gwinnett County jury found Felix Perez Garcia guilty of the crimes of trafficking in cocaine, OCGA § 16-13-31 (a) (1) (C), and giving a false name to law enforcement officers, OCGA § 16-10-25. On appeal, Garcia claims the trial court erred by failing to give his requested charge of conspiracy to traffic in cocaine. We find no error and affirm.

In this case, evidence showed the following. Garcia and four other men drove from Rochester, New York to Gwinnett County for the purpose of "[r]ob[bing] somebody for some drugs." On the afternoon of June 13, 2002, three of these men, including Garcia, stole at least two kilograms of cocaine from persons at the Copper Mills Apartments. Two conspirators left the scene of the robbery in a rented Subaru station wagon while Garcia left in a second rented vehicle. Men in a pickup truck pursued the Subaru and forced the vehicle off the road, causing it to overturn, and the two conspirators fled the scene with two kilograms of cocaine stolen from the apartment. Police subsequently discovered a bag containing approximately eight kilograms of cocaine in the debris of the wreck. According to a co-conspirator's testimony, Garcia had previously informed the conspirators that "he is going to put the drugs in the car."

Later that day, Garcia, using a false name, reported that the Subaru had been hijacked. He told police that he had driven the Subaru from Rochester, New York to Gwinnett County to meet an old girlfriend, but he discovered upon arrival that she had moved to Miami. According to Garcia's statement to police, two men hijacked the Subaru, bound him hand and foot, and deposited him in a wooded area. The police did not believe Garcia, largely because his neat clothing and the lack of binding marks were not consistent with his story. Police placed Garcia under arrest for suspicion of trafficking in cocaine.

At trial, Garcia requested that the trial court charge conspiracy to traffic in cocaine as a lesser included offense to trafficking in cocaine. Garcia claims the trial court erred in refusing to give this charge. We disagree.

As a general rule, "a written request to charge a lesser-included offense must be given if there is any evidence that the defendant is guilty of the lesser-included offense." (Citation omitted.) *Riley v. State*, 278 Ga. 677, 688 (12) (604 SE2d 488) (2004). "Although it may be that conspiracy . . . is a lesser included offense in an indictment charging the commission of the crime, where the evidence shows without dispute that the crime charged was actually committed, the omission to charge on conspiracy is not error." (Citation omitted.)

*Gunter v. State*, 243 Ga. 651, 660 (6) (256 SE2d 341) (1979). Accord *Watkins v. State*, 248 Ga. App. 412, 414-415 (4) (546 SE2d 363) (2001); *Byram v. State*, 189 Ga. App. 627, 628 (3) (376 SE2d 909) (1988).

Here, the evidence was undisputed that members of a conspiracy came into possession of more than 400 grams of cocaine. If the jury concluded that Garcia was a member of that conspiracy, then Garcia was also guilty of the completed crime. See OCGA § 16-2-20. It follows that "the omission to charge on conspiracy [was] not error." *Gunter v. State*, 243 Ga. at 660 (6).

Garcia argues that OCGA § 16-4-8.1[1] required the trial court to give the jury the option of convicting Garcia of conspiracy as a lesser included offense to the trafficking charge. We disagree. First, the statute does not address the trial court's obligation to give requested jury charges. Second, since OCGA § 16-4-8.1 was adopted in 1996[2] the Supreme Court of Georgia has continued to adhere to the principle that conspiracy need not be charged as a lesser included offense if the evidence is undisputed that the crime charged was completed. See *Cummings v. State*, 273 Ga. 547, 549 (3) (544 SE2d 429) (2001) ("[w]hen the crime has in fact been committed, co-conspirators are guilty as parties to the commission of the crime under OCGA § 16-2-20, and [a charge of conspiracy to commit murder as a lesser included offense of malice murder] is properly refused"). Accordingly, we find no error.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 21, 2006.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Rodney K. Miles, Assistant District Attorney*, for appellee.

---

[1] A person may be convicted of the offense of conspiracy to commit a crime, as defined in Code Section 16-4-8, even if the crime which was the objective of the conspiracy was actually committed or completed in pursuance of the conspiracy, but such person may not be convicted of both conspiracy to commit a crime and the completed crime. OCGA § 16-4-8.1.

[2] Ga. L. 1996, p. 679, § 1.