### A08A0131. GARIBAY v. THE STATE.
(659 SE2d 775)

ELLINGTON, Judge.

A Douglas County jury found Jesus Garibay guilty of armed robbery, OCGA § 16-8-41; aggravated assault, OCGA § 16-5-21; theft by receiving (motor vehicle), OCGA § 16-8-7; two counts of possession of a firearm during the commission of a crime, OCGA § 16-11-106; reckless driving, OCGA § 40-6-390; and fleeing or attempting to elude a police officer, OCGA § 40-6-395. We affirmed his convictions and sentence on direct appeal in *Garibay v. State*, 275 Ga. App. 170 (620 SE2d 424) (2005). Two years later, Garibay filed in the trial court a "Motion to Correct Illegal and Void Sentence," arguing that certain offenses of which he was convicted were included as a matter of fact in other offenses and, therefore, that his sentences as to the included offenses are void. The trial court denied the motion, and Garibay appeals.

---

[27] See id. at 246 (3).

[28] See *Carolina v. State*, 276 Ga. App. 298, 304-305 (5) (b) (623 SE2d 151) (2005).

1. It is the duty of this Court in all instances to inquire into our jurisdiction. *Segura v. State*, 280 Ga. App. 685, 686 (1) (634 SE2d 858) (2006). Ordinarily, our determination on direct appeal of a criminal judgment is res judicata, and a criminal defendant is not entitled to another bite at the apple by way of a second appeal. *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001); *Stirling v. State*, 199 Ga. App. 877 (406 SE2d 282) (1991). A sentence that is void for any reason, however, is a "mere nullity" and may be vacated at any time in any court "where it becomes material to the interest of the parties to consider it." (Citation and punctuation omitted.) *Curtis v. State*, 275 Ga. 576, 578 (1) (571 SE2d 376) (2002). "[A] sentence is void if the court imposes punishment that the law does not allow." (Citation and punctuation omitted.) Id. Specifically, "[t]he judgment of conviction and the sentence imposed for offenses included as a matter of fact or law in another offense arising out of the same facts for which the defendant has been found guilty and been sentenced" are void. Id. at 577 (1). This is because under Georgia law the issue of included offenses is "a matter of statutory double jeopardy." Id. See OCGA § 16-1-7 (barring successive prosecutions and multiple convictions for the same conduct). Finally, the denial of a motion to correct a void sentence is directly appealable. *Williams v. State*, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999). For these reasons, we have jurisdiction over Garibay's appeal.

2. Garibay contends that the offense of armed robbery included the offense of aggravated assault as a matter of fact. As a result, Garibay contends, the trial court should have merged the aggravated assault, and the sentence thereon must be vacated.

"The important question" in determining whether closely related offenses may be prosecuted and punished separately

> is not the number of acts involved, or whether the crimes have overlapping elements, but whether, looking at the evidence required to prove each crime, one of the crimes was estab-lished by proof of the same or less than all the facts required to establish the commission of the other crime charged. If one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge.

(Citations and punctuation omitted.) *Garza v. State*, 285 Ga. App. 902, 906 (5) (648 SE2d 84) (2007). "Aggravated assault is not a lesser included offense of armed robbery as a matter of law, and the two offenses rarely merge as a matter of fact." (Citation and punctuation omitted.) *Bunkley v. State*, 278 Ga. App. 450, 455 (2) (629 SE2d 112) (2006).

Count 1 of the indictment charged that Garibay and his co-defendants committed armed robbery "by use of an offensive weapon, to-wit: a handgun" with the intent to commit a theft. Count 2 charged him and his co-defendants with unlawfully making an assault upon the person of the victim "with a deadly weapon, to-wit: a handgun." The evidence at trial showed that the offense of armed robbery was complete after Garibay laid a handgun on the counter in the convenience store and demanded that the victim open the register and Garibay's co-defendant took money from the first register. *Garibay v. State*, 275 Ga. App. at 171. Garibay committed a separate aggravated assault when he struck the victim in the head with the gun. Id. As separate facts were used to prove each crime, the trial court did not err by failing to merge the offenses. *Bunkley v. State*, 278 Ga. App. at 456 (2); *Lucas v. State*, 197 Ga. App. 347, 348 (2) (398 SE2d 417) (1990).

3. Garibay contends that the trial court erred in not merging the offenses of armed robbery and two counts of possession of a firearm during the commission of a crime because the same evidence was used to prove both offenses. The two crimes, however, do not merge as a matter of law.

> There is express legislative intent to impose double punishment for conduct which violates both OCGA § 16-11-106 and other felony statutes. OCGA § 16-11-106 (e) states that "Any crime committed in violation of subsections (b) and (c) of this Code section shall be considered a separate offense" from the offense of possession of a firearm during the commission of any of said crimes. The crimes encompassed by the broad language of OCGA § 16-11-106 (b) include offenses such as aggravated assault, armed robbery, kidnapping, and burglary. See generally OCGA § 16-11-106 (b) (1)-(3).

(Citations and punctuation omitted.) *Golden v. State*, 233 Ga. App. 703, 705 (2) (c) (505 SE2d 242) (1998). Therefore, Garibay's contention that the two counts of possession of a firearm during the commission of a crime were lesser included offenses of armed robbery is without merit.

4. Garibay contends that the trial court erred in not merging the offenses of armed robbery, theft by receiving (automobile), fleeing or attempting to elude a police officer, and reckless driving. Although the offenses related to the getaway car were part of the same criminal episode,[1] the essential elements of each offense are completely sepa-

---

[1] See *Garibay v. State*, 275 Ga. App. at 171-172.

rate and distinct.[2] The State relied on different sets of facts to prove each crime. The trial court did not err by failing to merge these offenses.

*Appeal affirmed. Blackburn, P. J., and Miller, J., concur.*

## DECIDED MARCH 19, 2008.

Jesus Garibay, *pro se.*

David McDade, District Attorney, Hilary S. Leland, Assistant District Attorney, for appellee.

---

[2] OCGA §§ 16-8-41 (a) ("A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon."); 16-8-7 (a) ("A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner."); 40-6-390 (a) ("Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."); 40-6-395 (a) ("It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop.").

