## A08A2125. KING v. THE STATE.

(673 SE2d 329)

DOYLE, Judge.

Following this Court's 2005 affirmance of his conviction of conspiracy to possess cocaine with intent to distribute,[1] Roger King (pro se) appeals from the denial of his 2007 motion to correct and vacate a void sentence.[2] King contends that he was improperly sentenced for conspiracy to possess cocaine with intent to distribute because his indictment did not specifically indict him with conspiracy. For the reasons that follow, we affirm.

1. In all instances, this Court has a duty to inquire into our jurisdiction.

> Ordinarily, our determination on direct appeal of a criminal judgment is res judicata, and a criminal defendant is not entitled to another bite at the apple by way of a second appeal. A sentence that is void for any reason, however, is a mere nullity and may be vacated at any time in any court where it becomes material to the interest of the parties to consider it.[3]

As King's motion contended that the sentence was void, i.e., one that the law does not allow, the denial of his motion is directly appealable.[4]

2. King contends that his sentence was void because it was based on a finding of guilt as to conspiracy to possess cocaine with intent to distribute, an offense for which he was not indicted. We disagree.

The record shows that King and a co-defendant were jointly indicted with possession of cocaine with intent to distribute and possession of marijuana with intent to distribute, and a jury acquitted King of the marijuana charge and found him guilty only of conspiracy with respect to the cocaine charge. As we ruled in King's direct appeal, in which he challenged only the sufficiency of the evidence, the evidence sufficed to support the conviction of conspiracy:

> King was found in a shed near approximately 70 pieces of crack cocaine, along with scales, razors, and baggies —

---

[1] OCGA §§ 16-13-30 (b); 16-13-33.

[2] This Court affirmed King's conviction in *King v. State*, 275 Ga. App. 450 (620 SE2d 570) (2005).

[3] (Citations and punctuation omitted.) *Garibay v. State*, 290 Ga. App. 385, 386 (1) (659 SE2d 775) (2008).

[4] See id.

items that are commonly used to divide and distribute cocaine. His pockets contained a large amount of cash. The shed's occupant, [King's co-defendant], fled from the police and was found with additional crack cocaine in his pockets. King's vehicle was parked near the shed, and it contained a case for holding scales and additional baggies.[5]

Based on the finding of guilt, King was sentenced as a recidivist to a forty-year term of confinement (the last ten years to be served on probation).

Citing *Rowe v. State*,[6] in which this Court set aside a conspiracy conviction where the defendant was indicted only with possession with intent to distribute, King contends that his conviction for conspiracy was improper here because he was not separately indicted with conspiracy, and "a person cannot be convicted of a crime not charged."[7] We agree that "since the jury acquitted the defendant [King] of the object of the conspiracy [possession with intent to distribute], the alleged conspiracy is a separate crime and must [normally] be charged in the indictment."[8]

However, "[t]here may, of course, be a conviction of a lesser offense than that expressly named in the indictment, . . . where the language used in the indictment is sufficient to embrace the smaller offense. Where [this situation] exists it is proper to charge the lesser offense. . . ."[9]

Here, the indictment was worded in a way that supported a jury charge on (and a finding of guilt for) conspiracy as a lesser-included offense.[10]

[A] crime may be included as a lesser[-]included offense of the crime charged as a matter of fact when it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the

---

[5] *King*, 275 Ga. App. at 451.

[6] 166 Ga. App. 836, 838 (1) (305 SE2d 624) (1983).

[7] Id.

[8] *Brockington v. State*, 178 Ga. App. 533, 534 (343 SE2d 708) (1986). Compare *Granados v. State*, 244 Ga. App. 153, 154 (3) (534 SE2d 886) (2000) (where there is no dispute that the trafficking offense was complete, a jury instruction on conspiracy as a lesser-included offense is not necessary, because if the crime had been committed, the co-conspirators are guilty of the offense itself as parties to the crime).

[9] (Punctuation omitted.) *Wells v. State*, 127 Ga. App. 109, 110 (192 SE2d 567) (1972).

[10] Compare *Rowe*, 166 Ga. App. at 837 ("[i]t is clear from the statutory definition of conspiracy that the offense of conspiracy was not included in the indictment, as no reference is made therein to one or more persons conspiring or agreeing to commit an offense, nor does the indictment refer to the doing of any overt act to effect the object of a conspiracy"); *Brockington*, 178 Ga. App. at 534 (quoting *Rowe*).

commission of the crime charged. OCGA § 16-1-6 (1). Accordingly, this Court has held that even if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, the lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well.[11]

"A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy."[12] Here, the indictment specifically accused King and his co-defendant of "acting together as parties to the crime, [to commit] . . . the offense of possession of cocaine with intent to distribute." Whether a person is a party to a crime is defined by OCGA § 16-2-20, and "[w]hile this Code section does not use the word 'conspiracy' it is plain that it embodies the theory of conspiracy insofar as it renders one not directly involved in the commission of a crime responsible as a party thereto."[13] Here, King could have conspired with his co-defendant to possess the cocaine without actually reaching the point of possession, and both the trial evidence and the wording of the indictment comported with such a scenario. Therefore, under the specific circumstances in this case, the offense of conspiracy was as a matter of fact a lesser-included offense to the principal offense of possession with intent to distribute, because the indictment accused King in a manner that included the conspiracy offense, and because the evidence did not demand a finding that the full possession offense was completed.[14] Accordingly, the jury was authorized to find King guilty of conspiracy as a separate, lesser offense included in the indicted offense of possession with intent to distribute.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

---

[11] (Punctuation omitted.) *Hill v. State*, 295 Ga. App. 360, 363 (2) (671 SE2d 853) (2008).

[12] OCGA § 16-4-8.

[13] *Scott v. State*, 229 Ga. 541, 544 (1) (192 SE2d 367) (1972). See also *Grant v. State*, 198 Ga. App. 357, 358-359 (1) (b) (401 SE2d 761) (1991); *Hamby v. State*, 158 Ga. App. 265 (2) (279 SE2d 715) (1981).

[14] Cf. *Garcia v. State*, 279 Ga. App. 75 (630 SE2d 596) (2006) (a jury instruction on lesser-included offense is authorized where "there is any evidence that the defendant is guilty of the lesser-included offense"); *Gunter v. State*, 243 Ga. 651, 660 (6) (256 SE2d 341) (1979) (stating in dicta that "it may be that conspiracy . . . is a lesser included offense in an indictment charging the commission of the crime" where the crime has not been completed).

DECIDED FEBRUARY 9, 2009.

Roger King, *pro se*.

C. Paul Bowden, *District Attorney*, Erika S. Johnson, *Assistant District Attorney*, for appellee.