# Court of Appeals
# of the State of Georgia

ATLANTA,  December 19, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0894.  ROGER KING v. THE STATE.**

Roger King was convicted of conspiracy to possess cocaine with intent to distribute, and we affirmed the conviction on appeal. *King v. State*, 275 Ga. App. 450 (620 SE2d 570) (2005). King later filed a motion to vacate a void sentence, arguing that he had been improperly sentenced for a crime for which he was not indicted. The trial court denied the motion, and we affirmed that ruling on appeal. *King v. State*, 295 Ga. App. 865 (673 SE2d 329) (2009). King then filed multiple extraordinary motions for new trial, which the trial court denied in a single order. King did not seek to appeal that ruling. Instead, he filed a "Supplemental Motion to Add Error of Substantive Act that Constitutes a Crime." The trial court denied that motion as well. King appealed to the Supreme Court, which transferred the matter here upon finding no basis for jurisdiction there. But we also lack jurisdiction.

In his supplemental motion, King explained that the motion was being filed to "support" his extraordinary motion for new trial. To the extent that the supplemental motion can be construed as an amended or additional extraordinary motion for new trial, then King failed to follow the appropriate appellate procedure to obtain relief of the trial court's order denying that motion. Under OCGA § 5-6-35 (a) (7), an appeal from the denial of an extraordinary motion for new trial must comply with the discretionary appeal procedure. *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). King's failure to comply with the discretionary appeal procedure deprives us of jurisdiction over this appeal.

The supplemental motion presented arguments that King's conspiracy conviction was not valid because he was not indicted for that crime, the court should

not have charged the jury on that crime, the state failed to provide notice that it intended to request such a charge, and his lawyer provided ineffective assistance by failing to object to the charge. To the extent that the supplemental motion can be construed as a motion to vacate his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," and any appeal from an order denying a motion to vacate a criminal judgment must be dismissed. *Harper v. State*, 286 Ga. 216, 218 (1) & (2) (686 SE2d 786) (2009); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Further, we have already decided the issues raised in the supplemental motion adversely to King. In his second appeal to this Court, we ruled that the trial court properly charged the jury on conspiracy and that "the jury was authorized to find King guilty of conspiracy as a separate, lesser offense included in the indicted offense of possession with intent to distribute." *King*, 295 Ga. App. at 867 (2). This ruling stands as the law of the case, and it forecloses the arguments in King's supplemental motion. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court") (punctuation and footnote omitted).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   12/19/2018          *
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*