A93A2385. SHEATS v. THE STATE.
(439 SE2d 102)

MCMURRAY, Presiding Judge.

Defendant was convicted of possession of cocaine and he appeals. *Held*:

1. Pursuant to a search warrant, police officers entered the premises of Clara Thomas. They found Ms. Thomas sitting on a couch and defendant sitting on the floor on a cushion, next to the couch. Ms. Thomas and defendant were ordered to stand away from the couch and they did so. Ms. Thomas stated that she was not going to "take the blame" and she told the officers that they should look under the cushion. An officer lifted the cushion and found a small bottle containing cocaine. At trial, Ms. Thomas testified that the cocaine belonged to defendant and that he took it out of his pocket and placed

it under the cushion when the police announced their entry.

Defendant asserts the evidence was insufficient to support his conviction because Ms. Thomas' testimony was not corroborated. We disagree. "Slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. [Cit.] The necessary corroboration may be by circumstantial evidence. [Cit.]" *Harris v. State*, 180 Ga. App. 56, 57 (348 SE2d 476). Ms. Thomas' testimony was corroborated by the fact that the police found defendant sitting on the cushion under which the cocaine was hidden.

2. The trial court did not err in charging the jury on constructive possession. See generally *Thomas v. State*, 153 Ga. App. 686, 688 (2) (266 SE2d 335).

3. The State struck three out of five black prospective jurors, explaining that two of the stricken jurors were sisters, were related to defendant (albeit distantly) and knew his family; and that the third juror worked with defendant, spoke with him on the job, and knew his mother, sister and brother. Based on the State's explanation, the trial court determined that the State exercised its strikes in a racially-neutral fashion. We cannot disagree and find no error. *Burgess v. State*, 194 Ga. App. 179 (390 SE2d 92).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED DECEMBER 9, 1993.

*L. Eddie Benton, Jr.*, for appellant.

*Lydia J. Sartain, District Attorney, Jennifer M. Risley, Assistant District Attorney*, for appellee.