### A01A1815. BALTAZAR v. THE STATE.
(564 SE2d 202)

RUFFIN, Judge.

A Cobb County jury found Jesus Baltazar guilty of trafficking in cocaine, and the trial court sentenced him to serve 25 years in confinement. On appeal, Baltazar challenges the sufficiency of the evidence. As we agree that the evidence of Baltazar's guilt was insufficient, we reverse.

On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to support the jury's verdict.[1] So viewed, the evidence shows that on April 1, 1999, a California law enforcement agency contacted Georgia authorities regarding a suspicious package that was en route to Georgia via Federal Express. On April 2, 1999, after the package arrived in Georgia, narcotics agents discovered that it contained over two pounds of cocaine with a purity of eighty-four percent. The package was addressed to "Kevin Kline" at a Cobb County address. The narcotics agents notified law enforcement officers in Cobb County, who then arranged to make a controlled delivery of the package.

Detective Jeff Durrin, a narcotics agent from Smyrna, was chosen to deliver the package. Durrin has been involved in 30 or more controlled deliveries of contraband. According to Durrin, it is common to "encounter . . . people that are paid to pick up a package" at a "drop location." Durrin also testified that "a lot of times there are fictitious names used on the package [containing contraband] and also names that aren't related to the location . . . that the package is going to."

On April 2, 1999, Durrin dressed in a Federal Express delivery uniform and drove to the address listed on the package, where there was a trailer that appeared to be uninhabited. According to Durrin, "[t]here were no vehicles parked in front of the trailer, no one standing around the trailer. The blinds were pulled down. It just didn't appear that there was anyone either at home or living there."

---

[1] See *Horne v. State*, 237 Ga. App. 844-845 (1) (517 SE2d 74) (1999).

Upon arriving at the trailer, Durrin "took the package and a clipboard with a FedEx sign-in sheet up to the door of the trailer and knocked on the door." A few seconds later, Baltazar opened the door, and Durrin told him that there was a package for the location and asked him to sign for it. Durrin testified that Baltazar "shook his head as if not to understand what [Durrin] was saying and started to speak in Spanish." Durrin admittedly does not speak Spanish well. Rather than attempting to speak Spanish, Durrin pointed to the clipboard "trying to indicate to [Baltazar] that to be able to obtain the package, he needed to sign for it." Durrin described Baltazar as "basically calm, smiling, as if to say that he didn't understand." After Durrin pointed at the signature sheet two or three times, Baltazar took the clipboard and "printed the name 'Kevin Kline' on the signature record while . . . looking at the face of the package."

Durrin then handed Baltazar the package, and Baltazar went inside. Shortly thereafter, another Cobb County police officer knocked on the door of the trailer. When Baltazar answered the door the second time, he was arrested. During a sweep of the trailer, the officers discovered the unopened package on the floor. The police also found on a table a Spanish business card for "Wireless Communication" with the name "Fortino Cisneros" printed on the front of the card. The name "Kevin Kline" was handwritten on the back of the card. The trailer had been leased to a person named Fortino Cisneros, and an officer called the number listed on Cisneros' business card. However, the person that answered the phone spoke Spanish, so the officer, who did not speak Spanish, was unable to inquire about Cisneros. Based upon this evidence, the jury found Baltazar guilty of trafficking in cocaine.

Under OCGA § 16-13-31 (a) (1), "[a]ny person who . . . is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine." Thus, in order to be guilty of trafficking, Baltazar must have known that the package contained cocaine. Here, "[b]ecause the evidence of [Baltazar's] knowledge is circumstantial, the relevant question is whether, considering the evidence in its totality, a rational trier of fact could conclude that [Baltazar's] guilt is the only reasonable hypothesis."[2] "This is so because under OCGA § 24-4-6, to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[3]

---

[2] *Perkins v. State*, 244 Ga. App. 412, 415 (535 SE2d 802) (2000).

[3] (Punctuation omitted.) *Luke v. State*, 230 Ga. App. 712, 715 (3) (497 SE2d 376) (1998).

The evidence presented does not exclude every hypothesis except Baltazar's guilt. Baltazar's presence in what appeared to be an empty trailer to which a package of cocaine was delivered raises suspicion regarding his involvement in cocaine trafficking. However, mere suspicion will not sustain his conviction.[4] Although we acknowledge the possibility that Baltazar knew he was waiting for a package of cocaine to be delivered, we also acknowledge the possibility that Baltazar was merely a patsy — unaware of the package's contents. Under these circumstances, his conviction must be reversed.[5]

The case cited by the State, *Perkins v. State*,[6] does not require a different result. *Perkins* also involved the controlled delivery of contraband to a possibly fictitious person. Unlike this case, however, there was evidence linking the defendant to the contraband in addition to the defendant signing for the package. The evidence showed, among other things, that the defendant (1) was from the place where the package originated; (2) had drug paraphernalia and a gun in his house; (3) had a large amount of cash despite not having worked for over two weeks prior to his arrest; and (4) had the tracking number for the delivery service in his wallet at the time of his arrest.[7]

Here, there is no such additional evidence linking Baltazar to the cocaine. To the contrary, the evidence consists largely of the fact that Baltazar signed for the package. Although the police also found a business card with the name "Kevin Kline" printed on it, the State failed to link the card to Baltazar. If the card had been found in Baltazar's wallet — like the tracking number in *Perkins* — this case might have a different result. But, as the evidence stands, *Perkins* does not control, and Baltazar's conviction must be reversed.

Our holding renders Baltazar's remaining enumerations of error moot.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 19, 2002 —
RECONSIDERATION DENIED APRIL 9, 2002 — ■

*Sidney L. Storesund*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Samuel W. Lengen, Assistant District Attorneys*, for appellee.

---

[4] See id.
[5] See id. at 714-715.
[6] Supra at 415.
[7] See id. at 416-417.