## A03A2104. TAYLOR v. THE STATE.
(587 SE2d 791)

ELLINGTON, Judge.

A Carroll County jury found Michael Taylor guilty of trafficking in cocaine, OCGA § 16-13-31 (a), and possession of a firearm during the commission of a crime, OCGA § 16-11-106 (b) (5). He appeals from the denial of his motion for new trial, contending the evidence was insufficient to support his convictions and the trial court erred both by denying his motion to suppress and by admitting hearsay testimony at trial. Finding no reversible error, we affirm.

1. Taylor contends the evidence he possessed the drugs found in the car he was driving was insufficient to support his trafficking conviction. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

On July 28, 1998, deputies with the Carroll County Sheriff's Department were engaged in "Operation Snap and Strap," stopping cars along Interstate 20 if the occupants were not complying with the seat belt law. The deputies followed and stopped a black Ford Bronco with Mississippi tags because the passenger was not wearing his seat belt. The deputy asked Taylor, the driver, to step to the back of the car. Taylor did not have his driver's license and was extremely nervous about being stopped. Even after the deputy said he intended to cite only the passenger, Roosevelt Dodson, Taylor remained unusually agitated. This aroused the deputy's suspicions, so he asked Taylor who owned the car, where he and his passenger had been, and where they were going. The deputy then asked Dodson these same questions and got a conflicting story. Taylor and Dodson disagreed about how long they had been traveling together and were confused about whether they had helped Taylor's sister move to Atlanta or whether it had been Dodson's male cousin. Further, although Taylor claimed they had been in the state for a week, there was no luggage in the car. The deputy asked Dodson, who claimed to have borrowed the car from his mother, whether any guns or drugs were in it. He responded: "No." The deputy then asked for permission to search the car, and Dodson agreed. Both Dodson and Taylor stood to the side of the road with another deputy while the first deputy searched the car. During the search, Dodson and Taylor became increasingly agitated, "fidgeting" and looking frantically at the car and at each other. The deputies found a .40 caliber pistol beneath the driver's seat and 572 grams of 48 percent pure cocaine stashed inside a hole where a stereo speaker had been. Dodson and Taylor were later interviewed by a narcotics agent. The agent testified both men gave statements that were internally inconsistent and that conflicted with each other. Dod-

son testified at trial, admitted the pistol was his, and admitted entering an *Alford*[1] plea to the crimes charged, but denied possessing the cocaine.

The evidence adduced was sufficient to show that Taylor and Dodson were in joint constructive possession of the cocaine. At the time of the traffic stop, Taylor was driving the car. This fact gave rise to a rebuttable presumption that he possessed the cocaine in the car, *Crenshaw v. State*, 248 Ga. App. 505, 507 (1) (546 SE2d 890) (2001), and the evidence adduced supported that presumption. Taylor and Dodson traveled together from Mississippi and both men claimed to have had possession of the car for at least a week, yet they had no luggage. The only person who had equal access to the car was Dodson, who pled guilty to the charges. See *Wells v. State*, 237 Ga. App. 109, 111 (1) (514 SE2d 245) (1999) (two or more people may be convicted of possessing the same contraband). Both men were unusually nervous about the traffic stop. Deputies testified about their demeanor and the worried glances they exchanged during the search, which authorized the jury to infer shared guilty knowledge. Taylor and Dodson gave conflicting stories about the purpose of their travels, which authorized the jury to infer that either or both were lying. In fact, Dodson lied about the presence of a weapon in the car, a very large handgun the jury was authorized to believe was there to protect their illegal cargo, 572 grams of cocaine. Because this evidence is sufficient to support Taylor's convictions beyond a reasonable doubt, the trial court correctly denied Taylor's motion for a directed verdict. *Crenshaw v. State*, 248 Ga. App. at 507 (1).

2. Taylor contends the trial court erred in denying his motion to suppress the cocaine evidence seized because the initial traffic stop and subsequent detention were unjustified. On appeal from a denial of a motion to suppress, we construe the evidence in favor of the trial court's ruling, and the trial court's application of law to undisputed facts is subject to de novo review. *Jones v. State*, 253 Ga. App. 870 (560 SE2d 749) (2002). "Where there is evidence to support the decision of a trial judge on motion to suppress evidence, that decision will not be disturbed on appeal." (Citation, punctuation and emphasis omitted.) *In the Interest of J. L. G.*, 209 Ga. App. 565, 566 (434 SE2d 126) (1993).

Viewed in this light, the record shows that Taylor was stopped because his passenger was not wearing a seat belt, a violation of OCGA § 40-8-76.1 (b).[2] Taylor contends the deputy could stop his car,

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[2] "Each occupant of the front seat of a passenger vehicle shall, while such passenger vehicle is being operated on a public road, street, or highway of this state, be restrained by a seat safety belt approved under Federal Motor Vehicle Safety Standard 208."

which bore Mississippi tags, only if the State of Mississippi required Taylor's car to be equipped with seat belts, which, he contends, the prosecution failed to prove.[3] Mississippi law, however, is irrelevant because OCGA § 40-8-76.1 (c) makes no exception to the seat belt law for persons in cars registered in another state. Compare *Hameen v. State*, 246 Ga. App. 599-600 (1) (541 SE2d 668) (2000) (trooper lacked probable cause to stop car with South Carolina tags, even though car had tinted windows in violation of OCGA § 40-8-73.1, because the statute expressly excepted cars registered in other states). Taylor has cited no authority, nor have we found any, that abrogates the deputy's authority to stop Taylor and cite his passenger for violating the seat belt law. For these reasons, the traffic stop was authorized.

Further, the evidence adduced reveals that during the course of a legitimate traffic stop, the deputy asked for and received consent from the owner of the car to search it. Once a vehicle is lawfully stopped, an officer may ask for consent to search it. *State v. Milsap*, 243 Ga. App. 519, 520 (528 SE2d 865) (2000). There is no evidence in this case that Taylor was unreasonably detained beyond the time required to issue his passenger a citation. Rather, the evidence adduced supports a finding that during the course of the traffic stop, Taylor's suspicious behavior prompted the deputy to ask for consent to search. The trial court properly denied the motion to suppress.

3. Taylor contends the trial court erred in admitting hearsay testimony. First, Taylor argues that a deputy sheriff testified that another deputy expressed concerns during the traffic stop that Taylor and Dodson were both extremely nervous. Pretermitting whether the testimony was hearsay, it was harmless because it was cumulative of the testimony of two deputies who both personally observed Taylor's and Dodson's demeanor and testified that they were unusually nervous. "Evidence which is cumulative of other legally admissible evidence of the same fact, renders harmless admission of incompetent evidence." (Citations omitted.) *Lynn v. State*, 181 Ga. App. 461, 464 (2) (352 SE2d 602) (1986).

Second, Taylor complains that a deputy testified that someone told him "that at the time of the traffic stop Dodson took the gun and handed it to Taylor." Pretermitting whether the statement was hearsay, the error was not preserved for our review. Taylor told the trial court: "I'll withdraw my objection if you're not going to mention it at all[. I]f you'll just bring the jury back in and we proceed, that'll satisfy the defense." Any error, therefore, has been waived. See *Carruthers v. State*, 272 Ga. 306, 316 (15) (528 SE2d 217) (2000).

---

[3] Mississippi has a seat belt law, Miss. Code Ann. § 63-2-1 (2003), and seat belts are required equipment for passenger cars, Miss. Code Ann. § 63-7-63 (2003).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 12, 2003 —
RECONSIDERATION DENIED SEPTEMBER 26, 2003 —

*Johnson, Word & Simmons, Gerald P. Word, Jason W. Swindle,* for appellant.

*Peter J. Skandalakis, District Attorney, Charles M. Lane, Assistant District Attorney,* for appellee.