## A05A1045. CAIN v. THE STATE.
### (617 SE2d 567)

MILLER, Judge.

After being found guilty in a bench trial, Joan Cain appeals from a conviction for driving under the influence of alcohol (DUI). She alleges that the trial court erred in denying her motion to suppress the results of her blood alcohol test. We find no error and affirm.

Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). The trial court's decision as to such evidence will not be disturbed if there is evidence to support it. *Taylor v. State*, 263 Ga. App. 420, 422 (2) (587 SE2d 791) (2003).

The evidence shows that after observing a car make a left turn without using a turn signal, a police officer made a traffic stop and noted that the driver of the vehicle smelled of alcohol. After Cain tested positive on the alco-sensor and failed a field sobriety test, the officer placed her under arrest for DUI and defective equipment and escorted her to the patrol car. Cain's husband, who was sitting in the front passenger seat and had also been drinking, objected throughout. The officer twice told him to stay inside the vehicle, but he and other passengers got out of the car and approached the officer. The

officer then arrested Cain's husband for allowing his wife to drive under the influence, and placed him in the patrol car as well.

Both husband and wife were "screaming and hollering" both before and after their arrest. Since the officer felt "it was not a situation where [he] could properly read and make sure that [Cain] understood what [he] was reading," he waited to read Cain the implied consent warning required under OCGA § 40-6-392 (a) (4) until he and the Cains arrived at the sheriff's department approximately 30 minutes later. The officer then read the implied consent warning, obtained Cain's consent, and administered an Intoxilyzer 5000 test, which showed a blood alcohol content of 0.177 grams.

Cain's motion to suppress the results of the test was denied. After a bench trial, she was found guilty of DUI and defective equipment. Cain's license was suspended for one year, and she was fined and sentenced to twelve months on probation and ten days in jail, nine of which were suspended. Her motion for new trial was denied, and this appeal followed.

In a single enumeration of error, Cain asserts that because the officer did not read the implied consent warning either at the time of the arrest or as soon as possible thereafter, the results of the test subsequently obtained should have been suppressed. We disagree.

OCGA § 40-5-55 (a) provides that a person who drives a vehicle in Georgia is deemed to have given consent to a blood test for the purpose of determining whether he is under the influence of alcohol, while OCGA § 40-6-392 (a) (4) provides that "[t]he arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or tests." The Supreme Court of Georgia has interpreted the latter statute to mean that the implied consent warning must be read either "at the time of arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant." *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983).

Here, the Cains' drunken and obstreperous behavior, much of which was recorded on the patrol car's video camera, led the officer to believe that he should delay the reading of the implied consent warning until his return to the sheriff's department. There was evidence to support the trial court's determination that this delay was justified by the circumstances, and that an earlier reading of the warning would have been of no benefit to Cain. See *Townsend v. State*, 236 Ga. App. 530, 532 (1) (b) (511 SE2d 587) (1999). The trial court thus did not err when it denied the motion to suppress. Id.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 6, 2005 —
RECONSIDERATION DENIED JULY 21, 2005.

*Virgil Brown & Associates, Larkin M. Lee*, for appellant.
*Richard G. Milam, District Attoney, Jason S. Johnston, Assistant District Attorney*, for appellee.