## A05A1038. PATTEN v. THE STATE.
### (621 SE2d 550)

RUFFIN, Chief Judge.

A jury found Norval Patten guilty of possessing marijuana with intent to distribute and trafficking in cocaine. Patten appeals, and for reasons that follow, we reverse.

Viewed in a light most favorable to the jury's verdict, the evidence shows that in April 2001, law enforcement officers were informed by UPS that a suspicious package had been shipped from California to Augusta, Georgia.[1] Upon arriving at the UPS facility, Investigator Matthue Phares discovered an open package that contained approximately 40 pounds of marijuana, wrapped in cellophane, and smeared with a pungent chemical. The package was addressed to "Kate White" at 2814 Ridgecrest Drive.

A man who identified himself as "Dante White" called UPS regarding the package and indicated that he would pick it up that day. When no one arrived, Phares drove to the address listed on the package, which was an apartment. In front of the apartment, Phares saw several vehicles, including a blue Chevrolet Tahoe.

The next day, police called the number they had for Dante White and left a numeric page. A male then called back to say that the package would be picked up by Joseph Scurry. Thereafter, police observed a white Ford Escort pull into the UPS parking lot followed by a blue Tahoe. The driver of the Escort — later identified as Scurry — retrieved the package. As Scurry was leaving UPS, he was arrested in the parking lot. The driver of the Tahoe, Robert Hall, immediately

---

[1] We note that Patten has failed to comply with virtually all of this Court's rules regarding the formatting of briefs. Most notably, he has provided inadequate citation to the record to support his factual allegations. However, the State conceded that Patten's factual recitation is accurate. Thus, pursuant to Court of Appeals Rule 25 (b) (1), the State has "consent[ed] to a decision based on the appellant's statement of facts." Thus, we treat Patten's facts as true.

tried to leave the parking lot, but he was apprehended along with his passenger, Kevin Taylor. Two cell phones were discovered in the Tahoe, and when Phares called the number he had for "Dante White," a phone in the Tahoe began to ring. Law enforcement officers obtained a warrant to search the apartment on Ridgecrest. Inside the apartment, which was leased to Patten and his son, police discovered a kilogram of cocaine and over $98,000.

Patten, Hall, and Taylor were tried together for possessing marijuana with intent to distribute and trafficking in cocaine. At trial, Patten waived his right to remain silent and testified on his own behalf. According to Patten, he leased the apartment for Hall as a favor. Patten conceded that he bought furniture for the apartment and that he used his credit card to pay the rent on at least one occasion. However, he claimed he was not involved in any drug activity with Hall. The jury nonetheless found Patten guilty, and this appeal ensued.

1. As a threshold matter, we must address Patten's suggestion that we review his enumerations of error for plain error. As a general rule, a party must interpose an objection to an alleged error in order to preserve an issue for appellate review.[2] Here, Patten acknowledges that "[i]n most instances alleged as error, [his] trial counsel failed to voice an objection or otherwise preserve the record for appellate review." Nonetheless, he urges this Court to review his enumerated errors under the "plain error" doctrine.

A plain error is one that is so clearly erroneous that it creates a likelihood of a grave miscarriage of justice or seriously affects the fairness, integrity, or public reputation of the judicial proceeding.[3] The Supreme Court has limited the application of this doctrine to either capital cases or cases in which there is an alleged violation of OCGA § 17-8-57, which prohibits a trial judge from intimating an opinion as to the guilt of an accused.[4] Accordingly, we decline to review each and every alleged error to ascertain whether it constitutes plain error.

2. In two enumerations of error, Patten challenges the sufficiency of the evidence. In reviewing such challenge, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

---

[2] See, e.g., *Allen v. State*, 273 Ga. App. 227, 230 (2) (b) (614 SE2d 857) (2005) (severance); *Cummings v. State*, 272 Ga. App. 886, 888 (1) (614 SE2d 121) (2005) (evidentiary ruling); *Walker v. State*, 258 Ga. App. 333, 335 (1) (574 SE2d 400) (2002) (voir dire); *Davitt v. State*, 257 Ga. App. 384, 385 (1) (571 SE2d 427) (2002) (improper questioning of witness).

[3] See *Lynd v. State*, 262 Ga. 58, 61, n. 2 (414 SE2d 5) (1992).

[4] See *Pittman v. State*, 273 Ga. 849, 850, n. 2 (546 SE2d 277) (2001).

essential elements of the crime beyond a reasonable doubt.' "[5] It is the jury's prerogative — and not this Court's — to resolve conflicts in the evidence.[6] " 'As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.' "[7]

A person who owns or leases premises is presumed to be in control and possession of any contraband found therein.[8] Although this presumption may be rebutted, whether the presumption has been rebutted is a question for the jury.[9] Here, a kilogram of cocaine and over $98,000 were found in an apartment leased by Patten. Although Patten testified that he leased the apartment as a favor for Hall, the jury was not required to believe this testimony. To the contrary, the jury was free to reject Patten's claim that he not only leased, but also furnished, an apartment for someone he described as a "casual friend." Moreover, Patten paid for the cell phone Hall used, which further links Patten to the criminal venture. Under these circumstances, the jury was authorized to conclude that Patten was a participant in the large-scale cocaine trafficking operation taking place from the apartment he leased.

Nonetheless, the same cannot be said for Patten's conviction for possessing marijuana with intent to distribute as neither marijuana nor marijuana paraphernalia was discovered in the apartment.[10] Thus, there is no presumption that Patten possessed or controlled any marijuana.[11] And the only evidence linking Patten to the marijuana is circumstantial.

To warrant a conviction based solely on circumstantial evidence, "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[12] Here, there is a dearth of evidence linking Patten to the marijuana. We do not believe the mere fact the package was addressed — but never delivered — to an apartment Patten leased is sufficient to tie him to the drugs. It is equally plausible that Hall, Taylor, and Scurry were dealing marijuana

---

[5] (Emphasis in original.) *Taylor v. State*, 263 Ga. App. 420, 421 (1) (587 SE2d 791) (2003).

[6] See id.

[7] Id.

[8] See *Wilkerson v. State*, 269 Ga. App. 190, 191 (2) (603 SE2d 728) (2004); *Hill v. State*, 253 Ga. App. 658, 659 (1) (560 SE2d 88) (2002).

[9] See *Wilkerson*, supra; *Hill*, supra.

[10] The State's brief in this regard is particularly unhelpful as it completely fails to address Patten's conviction for possessing marijuana with intent to distribute.

[11] Cf. *Wilkerson*, supra; *Hill*, supra.

[12] (Punctuation omitted.) *Baltazar v. State*, 254 Ga. App. 773, 774 (564 SE2d 202) (2002).

independently of the cocaine operation. Without additional evidence linking Patten to the marijuana, his conviction for this offense must be reversed.[13]

3. Patten opted to testify at trial, and Hall's attorney attempted to impeach him with evidence of a prior drug conviction. The record shows that, during cross-examination, Patten was asked whether he knew about Hall's "California drug offense," and Patten responded negatively. On redirect, Patten's attorney asked Patten where he was when Hall's "drug offense went down," and Patten said he "was in the Persian Gulf." According to Hall's attorney, Patten could not have been in the Persian Gulf during that time because his prior conviction shows that, during that time, he was in South Carolina where he had been charged with possessing cocaine with intent to distribute. The trial court admitted the evidence of the prior conviction, which Patten alleges as error.

Patten contends that admission of this impeachment evidence violated OCGA § 24-9-20 (b) because he did not put his character in issue.[14] However, the evidence was not admitted for the purpose of refuting evidence of good character. Indeed, the trial court explained that the testimony was "not being [offered] to put [Patten's] character in issue; this is being [admitted] to refute his testimony on the stand."

In this regard, Patten contends that nothing about this conviction tended to impeach his testimony. The State, on the other hand, asserts that the conviction was admissible as a prior inconsistent statement. Although not generally admissible, evidence of a prior conviction may be tendered to rebut specific testimony.[15] However, we fail to see how Patten's prior conviction impeached his trial testimony, and the State makes no attempt whatsoever to clarify the issue.[16] Our review of the record shows that, whereas Hall was charged with possessing marijuana in March 1998, Patten's South Carolina offense allegedly occurred in July 1999. Since the timing of Patten's conviction is not inconsistent with his trial testimony, we agree that the trial court erred in admitting the evidence for impeachment purposes. Moreover, we cannot say that the error was harmless since the evidence of Patten's guilt — although sufficient — was not

---

[13] See id. at 774-775; *Sandoval v. State*, 260 Ga. App. 61, 65-66 (4) (579 SE2d 75) (2003).

[14] Prior to July 1, 2005, OCGA § 24-9-20 (b) provided, inter alia, that "[i]f a defendant testifies, he shall be sworn as any other witness and may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue."

[15] See *Sanders v. State*, 199 Ga. App. 671, 673 (3) (405 SE2d 727) (1991); *Bland v. State*, 198 Ga. App. 671, 671-672 (402 SE2d 782) (1991).

[16] The State's brief on this point is so pithy as to be useless.

overwhelming.[17] Under these circumstances, Patten's conviction for cocaine trafficking must be reversed. Although he may be retried for this offense, the State may not retry him for possessing marijuana with intent to distribute as we found the evidence insufficient to sustain this conviction.[18]

4. In view of our holding in Division 3, we need not address Patten's remaining enumerations of error, all of which were either abandoned or unlikely to recur at retrial.

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 23, 2005.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[17] Compare *Hargrove v. State*, 188 Ga. App. 336, 338 (4) (373 SE2d 44) (1988) (improper admission of character evidence not grounds for reversal where evidence of guilt ample).

[18] See *Jenkins v. State*, 259 Ga. App. 47, 49 (2) (576 SE2d 300) (2002) ("The general rule is that the retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency.") (punctuation omitted).