## A05A2188. DUNN v. THE STATE.
### (626 SE2d 174)

RUFFIN, Chief Judge.

A jury found Chad Dunn guilty of possessing cocaine. Dunn appeals, challenging the sufficiency of the evidence. He also claims that the trial court erred in admitting his medical records at trial. We affirm.

1. On appeal from a criminal conviction, a defendant no longer enjoys a presumption of innocence.[1] This Court does not weigh the evidence or resolve credibility issues, but merely determines whether the evidence, viewed favorably to the verdict, authorized the jury to find the defendant guilty beyond a reasonable doubt.[2]

Viewed in this manner, the evidence shows that, at approximately 11:00 p.m. on September 6, 2003, a truck driven by Steven Walker struck a car that pulled into Walker's lane. Walker exited his truck and saw James Kirk and another man standing in front of the car. As Walker approached, the men left the area on foot.

Officer Henry Norman arrived soon after the collision and found Dunn trapped and injured in the back seat of the car. EMS responders rescued Dunn and took him to the hospital. During his investigation, Norman determined that the car was registered to Kirk's father. He also discovered a bag of cocaine on the ground beside the car, below the driver's door-jamb.

Christopher Binns, who pleaded guilty to possessing cocaine, testified that he was in the car with Kirk and Dunn at the time of the collision. According to Binns, he and Kirk purchased cocaine that afternoon. Around 7:00 p.m., they went to Dunn's house, and all three snorted cocaine. Several hours later, they left in Kirk's car to purchase beer. Kirk drove, Binns sat in the front passenger seat, and Dunn sat in the back seat. When they arrived at the store, the three men again snorted cocaine. They left shortly thereafter, and as they drove away from the store, the collision occurred. Kirk and Binns then fled the scene.

In two enumerations of error, Dunn argues that no jury could reasonably conclude that he possessed the cocaine found outside the car. Possession, however, "may be joint or exclusive, and actual or constructive. As a general rule, when drugs are found in the immediate presence of the defendant, the jury is authorized to find they are in constructive possession of the accused."[3]

---

[1] See *Moyer v. State*, 275 Ga. App. 366, 368 (620 SE2d 837) (2005).

[2] See id.

[3] (Punctuation omitted.) *Byers v. State*, 212 Ga. App. 110, 111 (1) (b) (441 SE2d 290) (1994).

In this case, the police located cocaine at the collision site, on the ground next to the wrecked car in which Dunn was a passenger. Moreover, Binns testified that he, Kirk, and Dunn ingested cocaine in the car just before the wreck. And although Binns' testimony required corroboration, the presence of cocaine at the scene, as well as evidence showing that Dunn was in the car at the time of the collision, sufficiently corroborated the testimony.[4] Given the evidence presented, the jury was entitled to conclude that Dunn jointly possessed the cocaine found at the collision scene.[5]

2. Prior to trial, the State moved to subpoena medical records relating to the treatment Dunn received after the collision, asserting, in part, that toxicology screens routinely conducted during such treatment would show that Dunn had cocaine in his system. The trial court granted the motion following a hearing and subsequently admitted the records — including a urine test revealing the presence of cocaine — at trial.

According to Dunn, the medical records, which "were gathered for the sole purpose of medical treatment . . . [,] should not [have been] used against [him] in a criminal trial, absent [his] consent." But Dunn admits in his appellate brief that the records are cumulative of Binns' testimony that Dunn ingested cocaine on the day of the collision. And under Georgia law, " '[e]vidence which is cumulative of other legally admissible evidence of the same fact, renders harmless admission of incompetent evidence.' "[6] It follows that, even if the trial court erred in admitting the evidence, any error was harmless and provides no basis for reversal.[7]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 11, 2006.

*James T. Jones, Jr.,* for appellant.
*Dennis C. Sanders, District Attorney, William P. Doupé, Assistant District Attorney,* for appellee.

---

[4] See *Sheats v. State,* 211 Ga. App. 317, 318 (1) (439 SE2d 102) (1993) (" 'Slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. The necessary corroboration may be by circumstantial evidence.' ").

[5] See *Reed v. State,* 244 Ga. App. 146, 146-147 (534 SE2d 871) (2000); *Byers,* supra; *Owens v. State,* 205 Ga. App. 824, 824-825 (1) (423 SE2d 731) (1992).

[6] *Taylor v. State,* 263 Ga. App. 420, 423 (3) (587 SE2d 791) (2003).

[7] See *Moyer,* supra at 372 (3) (b); *Taylor,* supra.