## A06A1450. CARR v. THE STATE.
(638 SE2d 348)

RUFFIN, Chief Judge.

A jury found Derrick Bernard Carr guilty of possessing cocaine with intent to distribute, obstructing an officer, attempting to elude, two counts of disregarding a traffic control device, reckless driving, and speeding. The trial court denied his motion for a new trial. Carr appeals, challenging the sufficiency of the evidence as to the cocaine possession charge and objecting to portions of the State's closing argument. For reasons that follow, we affirm.

1. In an appeal based on the sufficiency of the evidence, we view the evidence in a light most favorable to the verdict, and will affirm if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] Viewed in this light, the evidence shows that Carr was driving a vehicle which became involved in a high-speed police chase after officers from the Pataula Drug Task Force and Seminole County Sheriff's Department attempted to stop his vehicle. Carr and his passenger, Carlos Johnson, eventually fled the vehicle on foot, but were quickly apprehended by police. While running from police, Johnson discarded a bag of cocaine. Johnson testified at trial that the chase occurred while he and Carr were returning from Dothan, Alabama, where they had gone in order for Carr to purchase cocaine from a supplier Johnson knew.[2] No cocaine was found in the vehicle or in Carr's possession. Police did find over $1,100 in cash in the vehicle.

In two enumerations of error, Carr challenges the sufficiency of the evidence, arguing that he was improperly convicted upon the uncorroborated testimony of his accomplice, Johnson. It is true that a defendant may not be convicted solely on the testimony of an accomplice; the accomplice's testimony must be supported by some independent corroborating evidence.[3] However,

[t]he sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient. The corroboration need not be sufficient to warrant a guilty

---

[1] *Windham v. State*, 278 Ga. App. 663, 663-664 (629 SE2d 837) (2006).

[2] On motion for new trial, Carr provided a letter, allegedly from Johnson, calling into question his trial testimony.

[3] See *Goldsby v. State*, 273 Ga. App. 523, 530 (7) (615 SE2d 592) (2005).

verdict or prove every material element of the crime; it need only tend to connect and identify the defendant with the crime charged.[4]

Here, in addition to Johnson's testimony, there was evidence of cocaine in the vicinity of the vehicle driven by Carr. We have previously held that the presence of cocaine near a vehicle in which the defendant was a passenger was sufficient to corroborate an accomplice's testimony that the defendant possessed the cocaine.[5] And Carr fled from police, tending to show a consciousness of guilt, which also corroborates Johnson's testimony.[6] Under these circumstances, the evidence was sufficient to permit a jury to find that Johnson's testimony had been corroborated,[7] and thus to conclude that Carr was guilty beyond a reasonable doubt of the crime charged.[8]

2. Carr also contends that the State's closing argument was improper because the prosecutor argued that Carr posed a threat of future danger to the community if not found guilty. The State may not argue that a defendant's probable future behavior merits a finding of guilt.[9]

We note that Carr's only objection during closing argument was to the prosecutor's statement that he considered Carr's brother a friend. Carr thus has waived his objection to any argument of future dangerousness.[10] But even if an objection had been made, we do not find that the State argued Carr's future dangerousness.

The prosecutor stated, "Going 100 miles an hour running from the law . . . thank God nobody was killed. I mean that was a dangerous, dangerous situation." He commented that his wife and young daughter could have been on the road that day.[11] He then told the jury, "It's more than a dope case. It's more than a drug dealer. It's more than two drug dealers going to Dothan, Alabama. It's about justice for all of us." The prosecutor then discussed the facts in evidence and made no reference to future behavior in which Carr might engage. Under these circumstances, we find that "[t]he prosecutor's argument urged conviction based on current evidence that

---

[4] (Citation, punctuation and footnote omitted.) *Millsap v. State*, 275 Ga. App. 732, 734 (1) (621 SE2d 837) (2005).

[5] See *Dunn v. State*, 277 Ga. App. 209, 210 (1) (626 SE2d 174) (2006).

[6] See *Ellison v. State*, 265 Ga. App. 446, 448 (1) (594 SE2d 675) (2004).

[7] See *Reynolds v. State*, 267 Ga. App. 148, 151 (3) (598 SE2d 868) (2004).

[8] See *Dunn*, supra; *Carter v. State*, 261 Ga. App. 204, 206-207 (1) (583 SE2d 126) (2003).

[9] See *Sterling v. State*, 267 Ga. 209, 210 (2) (477 SE2d 807) (1996).

[10] See *Cooper v. State*, 258 Ga. App. 825, 833 (6) (c) (575 SE2d 691) (2002).

[11] We need not decide whether this comment by the prosecutor was improper on other grounds, as Carr did not object to it at trial. See *Wyatt v. State*, 267 Ga. 860, 864 (2) (a) (485 SE2d 470) (1997).

[Carr] was a drug dealer and cannot be seen as urging conviction based on the future dangerousness of [Carr]."[12]

Moreover, we find no basis for reversal in the trial court's allowance of the prosecutor's statements in closing argument that "I know [Carr's brother]. I consider [him] a friend. . . . [He] was a good football player. . . . It makes it difficult to come here and prosecute his brother." We give " 'very wide' latitude" to counsel in making closing arguments,[13] and we fail to see how a brief, favorable reference to a relative of Carr was prejudicial to him.[14] The trial court thus did not abuse its discretion in allowing these statements.[15]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 1, 2006.

*William D. Hall*, for appellant.
*Charles M. Ferguson, District Attorney, Thomas C. Earnest, Assistant District Attorney*, for appellee.

[12] *Cooper*, supra.

[13] (Footnote omitted.) *Head v. State*, 276 Ga. 131, 135 (6) (575 SE2d 883) (2003).

[14] See, e.g., *Miller v. State*, 228 Ga. App. 754, 757 (6) (492 SE2d 734) (1997) (derogatory personal references to defense counsel during closing argument did not require reversal).

[15] See *Navarro v. State*, 279 Ga. App. 311, 313 (2) (630 SE2d 893) (2006).