**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**May 17, 2012**

# In the Court of Appeals of Georgia

A12A0387. GOMEZ v. THE STATE.

MCFADDEN, Judge.

Clayton Ricardo Gomez appeals his theft by taking conviction. He argues that the trial court erred in failing to give curative instructions or to rebuke counsel because of certain comments the assistant district attorney made in opening statement. We find the error, if any, to be harmless, given that the only issue at trial was Gomez's intent. We also conclude that, contrary to Gomez's assertion, the state did not make a prohibited golden rule argument during closing argument. We therefore affirm Gomez's conviction.

Gomez was convicted of taking Clyde Stutts's boat trailer. He admitted taking the trailer; his defense was that he thought the trailer was abandoned.

1.      Gomez argues that the trial court should have rebuked the assistant district attorney or issued curative instructions because of certain comments the assistant district attorney made in his opening statement. Specifically, the assistant district attorney said,

> [The investigator] got a lead that a stolen trailer was there, and he went to Mr. Gomez's residence. Pursuant to a Fourth Amendment waiver, he went onto his property and looked at a trailer that was parked on Mr. Gomez's property, determined that it was stolen, determined that it belonged to Mr. Clyde Stutts, and ultimately took possession of it and returned it to Clyde Stutts. Once the assistant district attorney had completed his opening statement, Gomez objected to the reference to "a lead," which he contended violated an order in limine to exclude any statements made by a confidential informant or any other witness not subpoenaed to testify. He also argued that the reference to a Fourth Amendment waiver impermissibly placed his character in issue.

We observe that the record contains no order granting the motion in limine. Although in his brief Gomez cites a particular page in the appellate record as being an order granting the motion in limine, that citation refers to an order on Gomez's "Objection To Proceeding on the State's Accusation," not his motion in limine. Nonetheless, the trial court instructed the assistant district attorney to "[s]tay away from the 'lead' language" and that it was unnecessary to reference the Fourth

2

Amendment waiver. Gomez argues that the trial court should have additionally given curative instructions or rebuked counsel in accordance with OCGA § 17-8-75, which provides:

> Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender.

But Gomez did not object to the comments in the opening statement at the time they were made.

> Instead, he waited until the end of opening argument to [object]. And it is plain that a defendant must timely object to the alleged impropriety in opening argument so that the trial court can take remedial action, if any is warranted. Having failed to assert a contemporaneous objection, [Gomez] has waived his right to complain about the remarks on appeal.

(Citations and punctuation omitted.) *Brooks v. State*, 284 Ga. App. 762, 764 (644 SE2d 891) (2007).

In any event, assuming that Gomez had not waived the issue and that the comments were prejudicial within the meaning of OCGA § 17-8-75, we find that "it

3

is highly probable that the trial court's [alleged] error in failing to comply with OCGA § 17-8-75 did not contribute to the verdicts." *Arrington v. State*, 286 Ga. 335, 346 (16) (a) (687 SE2d 438) (2009). The trial court instructed the jury that opening statements are not evidence.

To the extent that Gomez agues that the reference to the Fourth Amendment waiver entitles him to reversal because it indirectly announced to the jury that he was on probation, thus placing his character in issue, his argument fails. A passing reference to probation does not place a defendant's character in issue, *Isaac v. State*, 269 Ga. 875, 877-878 (5) (505 SE2d 480) (1998), and here, there was even less than that.

2.     Gomez argues that the assistant district attorney made a prohibited golden rule argument in his closing.

> A golden rule argument is one which, either directly or by implication, tells the jurors that they should put themselves in the injured person's place and render such a verdict as they would wish to receive were they in the injured person's position. Such an argument is impermissible because it encourages the jurors to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.

4

(Citations and punctuation omitted.) *Jackson v. State*, 282 Ga. 494, 499 (5) (651 SE2d 702) (2007). Gomez argues that the following portion of the state's closing argument violated this prohibition:

> And if we're not going to hold Mr. Gomez accountable in this case, then maybe somebody can stop by my office and tell me how many more months before he can go steal it again. And I'm not being facetious, but that's exactly what Mr. McNeill is asking you to do. This was not a prohibited golden rule argument.
>
> [T]he prosecutor's comments did not entreat the jury to place themselves in the victim's shoes with regard to the crime committed. Rather, the comments appealed to their desire to create a safe community. And a prosecutor generally may appeal to the jury to convict for the safety of the community.

(Citations and punctuation omitted.) *Emmanuel v. State*, 300 Ga. App. 378, 381 (4) (685 SE2d 361) (2009).[1]

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

---

[1]Because Gomez did not raise the issue at trial, we do not reach the issue of whether the argument was an improper future dangerousness argument. *Carr v. State*, 282 Ga. App. 199, 200 (2) (638 SE2d 348) (2006). See also *Jones v. State*, 288 Ga. 431, 433-432 (704 SE2d 776) (2011).